[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION[1]
This limited contested dissolution of marriage action having a return date of September 12, 2000, was heard on February 26 and March 7, 2001. The parties were married on July 25, 1985 in Ventura, California. There are three minor children issue of the marriage, Vincent Gambardella, Jr. born August 29, 1987; Michael Gambardella born September 18, 1989; and Andrew Gambardella born November 17, 1992. The marriage of the parties has broken down irretrievably without prospect for reconciliation; therefore, the marriage is dissolved on the grounds of irretrievable breakdown.
The plaintiff wife is 46 years of age, and she has earned her GED. She describes her health as good. She is presently employed as a manager of a department store jewelry department. On her financial affidavit she states gross wages of $512 a week and net wages of $338 per week. Her deductions include $106 per week for health insurance, however, historically her husband's business has reimbursed her for this deduction. The plaintiff did not work when her children were younger; she has been employed outside of the home for the last six years. CT Page 4755
The defendant husband is 45 years of age, and is a high school graduate. He is one of two owners of a plumbing business which operates as a sub-chapter S corporation. He describes his health as good. The defendant's business income will be discussed later in this decision. In July of 2000, the defendant and the plaintiff filed a joint Chapter 7 bankruptcy petition. On his financial affidavit the defendant shows U.S. Saving Bonds valued at $2500 which he testified were a gift from his father.
The parties are joint owners of real estate located at 140 Woodin Street, Hamden, Connecticut. Based upon the evidence presented the court finds it has a value of $134,000. Said real estate is encumbered by a mortgage in the amount of $84,654 and thus has equity of $49,346.
The parties are also joint owners of 731 Newhall Street, Hamden, Connecticut which, the parties agree, has a value of $92,000 and is encumbered by a mortgage in the amount of $95,000. It is a three family home and presently provides net income in the amount of $60.54 per week or $3148 per year. This property was originally purchased by the husband as an investment and he later placed the title in joint names with his wife. Some years ago this property was refinanced, and the cash raised became the down payment for the marital home.
During the hearing, much of the testimony dealt with the husband's income. On his affidavit, the defendant shows gross weekly wages of $640 from his principal employment. He also includes as other income, vehicle expenses paid on his behalf by the business. Considering the evidence, the court concludes that the business income stated on the defendant's financial affidavit is not accurate.
The court has reviewed Plaintiff's Exhibit 2, which is a register for the plumbing business checking account. In making its findings, the court has considered the entries made during calendar year 2000. The register is a reasonably accurate statement of the company's usual activity, and the defendant's income from it. The court notes in 2000 the plaintiff's W-2 income from the business was $31,280, and in 1999 it was $35,360.
In 2000 the defendant received total net "payroll" of $32,722.92. The business also paid federal income taxes and FICA withholding on his behalf in the amount of $6,050.84. These two sums in reality make up the defendant's salary from his business. The defendant's business accountant testified that a portion of the payroll received by the defendant would have to be characterized as a shareholder loan, because, not enough withholding taxes were paid to the government to classify all of the money received by the defendant as wages. Such a characterization may CT Page 4756 satisfy the IRS, however it does not dissuade the court from its conclusion regarding the defendant's actual salary.
The defendant's company owns a 1999 Suburban which was used by the parties for personal use, and the defendant used it as a backup work vehicle. The company paid the following expenses for this vehicle in 2000; vehicle loan, $5,905.32, property taxes, $1,147.56, insurance, $1,830. These vehicle expenses total $8,882.88.
The defendant's company also issued monthly checks to the plaintiff which reimbursed her for the family's health insurance premium, which was deducted from her pay. Under the orders herein, the plaintiff will be responsible for health insurance for the minor children, so such reimbursement will no longer be necessary. The amount paid to reimburse the plaintiff in 2000 was $4,386.
The court concludes that the vehicle expense of $8,882.88 and the health insurance payments of $4386 are "cash perks" available to the defendant; they total $13,260.
In addition to these cash perks, in 2000, the defendant received additional financial benefit from his company in the form of "loans" or "draw." Checks for the following items were issued; $3000 IRA contribution, $1100 to the parties' bankruptcy attorney, $1000 to the defendant's divorce attorney, $1,323 for insurance for the Newhall Street property, $1000 draw, and $276.97 for car rental expense. Because of the randomness of these payments on behalf of the defendant, the court did not include them in his income when formulating its orders for child support and alimony; however, the plaintiff's ability to take such lump sum payments from his business was considered in formulating other orders.
Considering the evidence the court does not feel it appropriate to assess fault for the breakdown of this marriage to either party.
The court has considered the plaintiff's request, based upon the amount of the defendant's income, to make its orders of alimony and child support retroactive; it declines to do so.
The court has considered the provisions of C.G.S. § 46b-81, §46b-82 and § 46b-62 and has utilized FINPLAN in crafting the mosaic of financial orders. The FINPLAN guideline worksheet and after-tax cash 
support report are attached as Exhibit A.
 ORDERS
CT Page 4757
1. The parties shall have joint legal custody of their minor children and the stipulation dated February 15, 2001 regarding custody and visitation, previously made orders of the court, is incorporated by reference herein.
2. The defendant is to pay child support in the amount of $298 per week in accordance with the guidelines. The defendant shall be entitled to claim the two youngest children as dependants. and the plaintiff shall be entitled to claim the oldest child as a dependant.
3. The plaintiff shall provide medical insurance on behalf of the minor children as available through her employment. The parties will share the cost of unreimbursed and/or uninsured medical expenses incurred' on behalf of the minor children in accordance with the child support guidelines.
4. The defendant is to pay to the plaintiff lump sum alimony in the amount of $26,000. Said sum is to be paid at the rate of $100 per week commencing one week from the date of judgment. Said payments shall be nonmodifiable, however, they shall terminate upon the death of either party. Said payments are to be deductible by the defendant and shall be includable in the income of the plaintiff.
5. The defendant is to designate the minor children as beneficiaries of $75,000 of the death benefit for his presently existing $100,000 Primerica life insurance policy. The defendant is also to designate the plaintiff as a beneficiary of $20,000 of the death benefit provided under said policy.
6. The defendant shall quitclaim his interest in the marital residence located at 140 Woodin Street, Hamden, Connecticut to the plaintiff. Contemporaneously, the plaintiff shall execute a mortgage deed and note upon the property to the defendant in the amount of $24,700. Said note shall be without interest, and shall be payable upon the plaintiff's death, remarriage, cohabitation within the provisions of General Statutes 46b-86b, sale of the property, or November 17, 2012 whichever shall occur first. The plaintiff shall be responsible for all cost associated with said property and shall hold the defendant harmless from any liabilities arising therefrom.
7. The plaintiff shall quitclaim her interest in 731 Newhall Street, Hamden, Connecticut to the defendant. The defendant shall be responsible for all cost associated with said property and shall hold the plaintiff harmless from any liabilities arising therefrom.
8. The defendant is to pay the plaintiff sum of $2500 within 30 days of CT Page 4758 the date of judgment to assist her in purchasing a motor vehicle.
9. The defendant is to pay $2500 contribution to the plaintiff's counsel fees said payment to be made within six months of the date of judgment.
10. The husband shall own the 67 Ford Galaxy in his possession and the wife shall own the Dodge Daytona in her possession. The parties are ordered to execute any necessary documents to effectuate this order.
11. The plaintiff shall pay, up to $500, the cost to repair the damage she did to the Suburban.
12. The defendant may retain the U.S. Savings Bonds in his possession.
13. The parties are to determine the value of their respective IRA's as of the date of judgment. The total value of said IRA's shall be divided equally between the parties. The court shall retain jurisdiction to issue any qualified domestic relations order which may be necessary to effectuate this order.
14. Except as to the $2500 contribution towards the plaintiff's counsel fees, each party shall be solely responsible for all the liabilities listed on the respective financial affidavits. They will each be responsible for one-half of the counsel fees for Lynn Pellegrino, attorney for the minor child.
15. The parties will equitably divide their tangible personal property. The husband's share of that property will be removed from the marital residence by the husband within 30 days of the date of judgment. In the event the parties cannot agree on how to divide said property the court will retain jurisdiction to refer the matter to family relations for mediation, and in the event the mediation is unsuccessful, to hold a hearing on property division.
Domnarski, J
Docket No. FA-00-0442456S EXHIBIT A Billie Gambardella v. Vincent Gambardella
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mother Father Custodian Billie Gambardella Vincent Gambardella [] MOTHER [] FATHER CT Page 4759
OTHER CUSTODIAN Court D.N. Case No. Number of Children 3
Name of Child Date of Birth Name of Child Date of Birth
I. NET INCOME (Weekly amounts) Billie Vincent 1. Gross Income (attach verification) $512 $1,061 2. Federal Income tax (allowable exemptions, deductions credits) 31 68 2a. Eliminate refundable earned income credit on line 2 0 0 3. State and local income tax (allowable exempt, deductions, cr) 2 30 4. Social Security tax 32 46 4a. Mandatory retirement 0 0 5. Medicare tax 7 11 6. Health Insurance premiums (other than child) 37 69 7. Mandatory union dues or fees 0 0 8. Non-arrearage payments — court ordered alimony child support 0 0 9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X #qualified children) 10. Sum of lines 2-9 $109 $224 11. Net Income (line 1 minus line 10) $403 $837
 II.CURRENT SUPPORT
12. Combined net weekly Income (rounded to nearest $10) $1,240
13. Basic child support obligation (from schedule) $417
14. Check here If noncustodial parent Is a low-Income obligor 15. Child's health Insurance premium $25 $0 16. Total current spt obligation (line 13 minus $442 noncustodial parent's line 15 amount If line 14 Is checked-line 13 + line 15 total for all other cases) 17. Each parent's share of line 12 (If line 14 Is checked, 32.50% 67.50% skip this line and line 19, and enter the line 16 amount In the noncustodial parent's column on line 18) 18. Each parent's share of the total current support $144 $298 obligation (line 17 times line 16 for each parent) 19. Health Insurance premium adjustment $0 20. Social Security dependency benefits adjustment $0 21. Sum of lines 19 and 20 (for each parent) $0 22. Presumptive current support amounts $298 23. Recommended current support order(noncustodial parent $298 only. If different from line 22 amount, explain on CT Page 4760 line 47)
III. UNREIMBURSED MEDICAL EXPENSE 
24. Net disposable Income (line 11 plus line 23 for $701 $539
custodial parent; line 11 minus line 23 for noncustodial) 25. Each parent's share of combined net disposable income 56.53% 43.47% (each 1 parent's line 24 divided by sum of line 24 amounts)
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $0 $0
V. ARREARAGE
27. Delinquencies on current support orders $0 28. Unpaid court-ordered arrearages 0 29. Support due for periods prior to support action (not court-ordered) 0 30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support $0 obligation if there is no current support order or child Is living with the obligor) 32. 20% of line 31 $0 — (If line 14 Is checked, skip line 32 and go to line 37) — (If the child for whom the arrearage Is owed Is deceased, emancipated, or over 18, skip line 32 and go to line 39) — (If the child Is living with the obligor, skip lines 33-39 and: (1) If the obligor's gross Income Is not more than 250% of poverty level enter $1 on line 40; OR (2) If the obligor's gross Income Is greater than 250% of poverty level, enter line 32 amount on line 40) 33. Obligor's line 11 amount $0 34. 55% of line 33 0 35. Line 34 minus line 31 0 36. Lesser of line 32 or line 35 (Enter here and on line 40 0 and skip lines 37-39) 37. 10% of line 31 0 38. Greater of line 37 or $1 (Enter here and on line 40) 0 39. 50% of line 31 (Enter here and on line 40) 0 40. Recommended arrearage payment $0 (If different from line 45, explaIn on line 47)
VII. ORDER SUMMARY
CT Page 4761 41. Current support order $298 42. Unreimbursed medical expense order $0 43. Child care contribution $0 To To State Family 44. Total arrearage $0 $0 45. Arrearage payment order $0 $0 46. Total child support award: $298 
 VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
Prepared By Title of Preparer Date Prepared
After-Tax Cash SupportAnnual Amounts 2001 Last Name Gambardella Vincent Billie Total 1 Salary 38,773 26,624 2 Self-Employment Income 0 0 3 Social Security Inc 0 0 4 Interest and Dividends 0 0 5 Tax Exempt Interest 0 0 6 Other Taxable Inc 3,148 0 7 Other Nontaxable Cash 0 0 8 Cash Perks 13,268 0
9 Total Gross Cash 55,189 26,624 81,813Allowed Deductions
10 Fed Inc Tax(Excl Tax on Alimony) 3,511 1,626 11 State Inc Tax (Excl Tax on Alimony) 1,563 126 12 Local Income Tax 0 0 13 Social Security Tax 2,404 1,651 14 Medicare Tax 562 386 15 Mandatory Pension 0 0 16 Health Ins not Child 3,600 1,931 17 Union Dues Other Deduct 0 0 18 Prior Support Paid 0 0
19 Total Deductions 11,640 5,720 17,360 20 Net Cash for Support 43,549 20,904 64,453 21 Child Support (15,496) 15,496 22 Alimony (5,200) 5,200 23 Non-taxable Maintenance 0 0
24 Cash After Support 22,853 41,600 64,453 25 Other Cash Item (Addition) 0 0 26 Voluntary Pension 0 0 CT Page 4762Tax Impact of Alimony
27 F. 990 (780) 210 28 State 231 (124) 10729 Cash to Meet Living Expenses 24,074 40,696 64,77030 Monthly Cash 2,006 3,391 5,397
31 Required Cash — Budget 0 0 032 Cash Over (Under) Budget 2,006 3,391 5,397
33 % Share Cash 37% 63% 100% 34 Filing Status Single Hd Hsld 35 Children 17 Over 0 0 36 Children Under 17 2 1 37 Value Child Dep Exemption 1,159 435 38 Value Under 17 Child Cr 1,000 500 39 Value of Both 2,159 935 40 MargInal Federal + St. Tax % 19.5% 18.0% 41 Children Residing With 0 3 42 Guideline Child Support (15,496) 15,496 Tax Impact of Alimony has NOT been included in computing guideline child support
March 30, 2001 10:04 AM (c) Copyright 1990, 2001 by FinPlan Co. All rights reserved.